UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JORFRANK ALEXANDER LUGO-SOLET, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-CV-52-ZMB |
| | ) | |
| MARKWAYNE MULLIN,[1] et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Jorfrank Alexander Lugo-Solet's Petition for Writ of Habeas Corpus. Doc. 1. The Court denies the petition because Eighth Circuit precedent confirms that Lugo-Solet is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that detention during removal proceedings does not violate his due process rights under the Fifth Amendment.

**BACKGROUND**

**I.     Factual Background[2]**

Lugo-Solet is a Venezuelan citizen who illegally entered the United States in June 2022. *Id.* ¶¶ 32–33; Doc. 8 at 2. He was initially held in custody, but the Government granted him parole under 8 U.S.C. § 1182(d)(5) primarily due to capacity constraints. Doc. 1 ¶ 33; Doc. 8 at 2; Doc. 25 ("Tr.") at 22. Lugo-Solet later filed an application for asylum. Doc. 1 ¶ 34. That application was pending for 2 years, but the Government recently instituted removal proceedings against him. *Id.* ¶ 4 n.1. On February 23, 2026, Lugo-Solet appeared for a check-in appointment and was detained. *Id.* ¶ 5. His removal proceedings have been underway since then. Doc. 8-1; Tr. at 29.

---

[1] Markwayne Mullin became the Secretary of the United States Department of Homeland Security on March 24, 2026. Pursuant to Federal Rule of Civil Procedure 25(d), he is substituted for his predecessor, Kristi Noem.

[2] For purposes of this petition, the Court assumes the allegations Lugo-Solet asserts as true and supplements those facts with undisputed allegations from the Government, *see* 28 U.S.C. § 2248, and the agreed-upon facts from the April 15 hearing.

## II.    Procedural Background

Lugo-Solet filed his petition on February 26, 2026. Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[3] as well as Local Rules 5.01 and 5.04, the Court set a briefing schedule. Doc. 5. The parties complied. Docs. 8, 14. After the Government filed a notice of supplemental authority highlighting the Eighth Circuit's intervening decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), Doc. 17, the Court ordered Lugo-Solet to provide supplementary briefing, Doc. 18, which he did, Doc. 19. On its own initiative, the Government filed a response that same day. Doc. 20. In accordance with 28 U.S.C. § 2243, and at Petitioner's request, Doc. 10, the Court held a hearing on April 15, 2026. Doc. 23.

### LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdiction." 28 U.S.C. § 2241(a). A district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). If the petitioner's detention is lawful, "the writ of habeas corpus shall not extend to [the petitioner.]" 28 U.S.C. § 2241(c). Courts in this Circuit and elsewhere have recognized that a habeas petitioner under section 2241 "bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025) (collecting cases).

---

[3] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Rules generally apply to section 2241 petitions.

**DISCUSSION**

Lugo-Solet originally advanced two grounds for relief, claiming the right to a bond hearing under 8 U.S.C. § 1226(a) and, alternatively, contending that the denial of an individualized determination would violate the Fifth Amendment's Due Process Clause. Doc. 1. At the April 15 hearing, Lugo-Solet acknowledged that his first argument is foreclosed by the Eighth Circuit's recent decision in *Avila*. Tr. at 16; *see also* Doc. 19 at 1. As such, he now relies entirely on his Fifth Amendment claim. Tr. at 16–17; Doc. 19 at 1. However, his detention does not violate due process because the Government may detain an alien without a bond hearing pending the completion of finite removal proceedings.

For his due process claim, Lugo-Solet contends that, even if section 1225 applies, his mandatory detention without an individualized bond termination violates his right to procedural due process. Doc. 14 at 6–15, Doc. 19 at 2–3. True, the Fifth Amendment applies equally to citizens and non-citizens who have "enter[ed] the country." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). But, here, Lugo-Solet is being detained pending removal proceedings. Doc. 1 ¶ 4 n.1; Tr. at 29. And the Eighth Circuit has held that mandatory detention under a nearly identical provision "during the limited period necessary for their removal proceedings" does not pose due process concerns. *See Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (quoting *Denmore v. Kim*, 538 U.S. 510 (2003)). In fact, while determining what process is due typically requires courts to balance the factors from *Matthews v. Eldridge*, the Eighth Circuit has held that those factors are balanced when an alien is detained pending deportation. *Id.* at 933 ("*Zadvydas* and *Demore* have already done whatever balancing is necessary.").

Lugo-Solet contends that due process concerns arise from the potential "length of his detention," particularly as applied to him because he was paroled into the United States, had been in the country for years, and was authorized to work. Doc. 14 at 6; Tr. at 22–23. But Lugo-Solet

3

concedes that the *Avila* Court rejected any distinction between border seizures and those occurring in the interior. Tr. at 27. And, critically, the Eighth Circuit rejected the remaining considerations in *Banyee v. Garland*. Although the petitioner in that case was a lawful permanent resident who had been in detention for more than a year (as opposed to Lugo-Solet, who entered the country illegally), the Eighth Circuit emphasized that "what matters is that detention pending deportation has a definite termination point—deporting or releasing the alien—making it materially different from potentially permanent confinement authorized by other statutes." *Banyee*, 115 F.4th at 932 (quotations omitted).[4]

Here, the record is clear, the parties confirmed at the hearing, that Lugo-Solet is currently in removal proceedings, which will also determine the question of his asylum status. *See* Doc. 1 ¶ 4 n.1 ("[A] Notice to Appear was docketed with the Executive Office for Immigration Review on February 24, 2026, placing Petitioner in removal proceedings."); *see also* Doc. 8-1 at 10–18 (demonstrating that removal proceedings are ongoing in Kansas City Immigration Court); Tr. at 50. Because Lugo-Solet is undergoing removal proceedings, he is not being detained "indefinitely." As such, his detention does not violate the Constitution. *See Negrete Ramirez v. Noem*, No. 1:25-CV-206-CMS, 2026 WL 251725, at *4–5 (E.D. Mo. Jan. 30, 2026) (rejecting a similar due-process challenge); *Bushuev v. ICE*, No. 1:25-CV-213-MAL, 2026 WL 352873, at *3 (E.D. Mo. Feb. 9, 2026) (same); *Alberto Rodriguez v. Jeffreys*, 2025 WL 3754411, at *16 (D. Neb. Dec. 29, 2025) (same).

---

[4] Lugo-Solet's counsel suggested that there is no guarantee that removal proceedings will ever truly end "in the current climate." Tr. at 30. However, she did not dispute the Government's estimate that removal proceedings generally take about 3 months. *Id.* at 12–13. Additionally, the Government conceded that "there is a [temporal] line" beyond which continued detention could violate due process. *Id.* at 45. While the parties agreed that Lugo-Solet could assert his asylum defense to both detention and deportation during his removal proceedings, *id.* at 49–50, if that proves to be untrue or if his detention exceeds the temporal limits the *Banyee* Court approved, Lugo-Solet is free to file another habeas petition at that juncture.

**CONCLUSION**

Accordingly, the Court **DENIES** Petitioner Jorfrank Alexander Lugo-Solet's [1] Petition for a Writ of Habeas Corpus. The Court will issue a separate Judgment to accompany this Memorandum and Order.

So ordered this 29th day of April 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE